IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:03cr13-RH/WCS
 5:04cv230-RH/WCS

CESAR ESTRADA,

     Defendant.

_____/

### ORDER DENYING §2255 MOTION

This matter is before the court on the magistrate judge's report and recommendation (document 259) and the objections thereto (document 260). I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and will be adopted as the opinion of the court, with this additional note.

One of defendant's assertions is that at the rearraignment during which he entered his guilty plea, I told him the guidelines probably would not call for a sentence longer than the 10 year minimum mandatory. That almost surely did not happen. From the facts that had been tendered (including defendant's responsibility for more than 1.5 kilograms of crack cocaine), it was clear defendant's base offense level would be 38. This made clear that the low end of

the guidelines range would be substantially longer than 10 years. Drug cases with base offense levels of 38 are common in this district. Although I do not specifically recall precisely what was said at this rearraignment, I certainly knew that the low end of the guidelines range would exceed 10 years. So did defendant's attorney and defendant himself, as confirmed by the correspondence quoted in the report and recommendation.

The transcript includes this statement attributed to the court: "But it is true that, unless there are some extraordinary circumstances, I wouldn't anticipate the guidelines range is likely to be higher than ten years." (Transcript (document 246) at 29, quoted in Report and Recommendation (document 259) at 9.) There are three possible explanations for this part of the transcript. First, the transcript may just be wrong; for example, I may have said "would" instead of "wouldn't." Second, the transcript may be accurate but misleading because failing to reflect a pause; I may have said "I wouldn't anticipate," then paused and started the thought anew, so that "the guidelines range is likely to be higher than ten years" was actually a separate thought that, to anyone listening, would have been understood to stand alone. And third, I may simply have failed to say accurately what I meant, saying I *wouldn't* anticipate the guidelines exceeding ten years, when I meant I *would* anticipate they would exceed ten years. If that is what happened, it is unfortunate, but in context of the full hearing and especially in the context of the

ongoing case and the correspondence between defendant and his attorney, the misstatement plainly made no difference.[1]

The record makes clear that defendant well knew he was facing a minimum mandatory 10 year sentence, a maximum sentence of life, and a guidelines sentence substantially in excess of the minimum mandatory. His attorney's advice—that his best way out of this very difficult circumstance was to attempt to obtain a substantial assistance motion—was spot on.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the opinion of the court. Defendant's claim of ineffective assistance in connection with the failure to file a notice of appeal is remanded to the magistrate judge for further proceedings. Defendant's amended § 2255 motion (document 231) is DENIED with prejudice as to all other claims. I do not direct the entry of judgment on those claims but will instead direct entry of judgment upon final resolution of the entire

---

[1] I will ask the court reporter to check her notes and, in the unlikely event there is an audio recording, to check that as well, but the ruling here would be the same no matter which of the three explanations set forth in the text is correct. Unless there is an audio recording, there will be no way of knowing with certainty what was actually said or in what cadence. Experience teaches, however, that when I know what I said, and the transcript is different, the court reporter ordinarily has it right. She can take down more than I can remember. But of course no method of preserving a record is 100 percent accurate.

§ 2255 motion.

    SO ORDERED this 9th day of March, 2006.

                                                <u>s/Robert L. Hinkle</u>
                                                Chief United States District Judge