IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**UNITED STATES OF AMERICA,**

vs.

**Case No. 5:03cr13-RH**
**Case No. 5:04cv230-RH/WCS**

**CESAR ESTRADA,**

    **Defendant.**
_____/

## SECOND REPORT AND RECOMMENDATION

A report and recommendation was previously entered and adopted. Docs. 259 and 261. As recommended, Defendant's claim regarding counsel's failure to file a notice of appeal was remanded for further proceedings. Doc. 259, pp. 11-13; doc. 261, p. 3.

The first report and recommendation specifically noted that, prior to an evidentiary hearing, Defendant should be required to set forth specific facts under penalty of perjury in support of the remaining claim. Doc. 259, pp. 12-13. Defendant filed a declaration under penalty of perjury, which also included his objections to the report and recommendation. Doc. 260.

Upon remand to the undersigned, counsel was appointed, and a notice of appearance was filed. Docs. 262 and 263. An evidentiary hearing was anticipated. Docs. 262 and 264.

With the benefit of counsel, there were proceedings under seal. Docs. 265 and 268. Defense counsel then filed a motion to waive an evidentiary hearing. Doc. 266. He asks the court to rule on the merits of the pending § 2255 motion based on the existing record. *Id.*

Given the appointment of counsel and proceedings under seal, the motion to waive should be granted and the § 2255 motion denied with prejudice as to all claims.

**Standard of Review**

The initial report and recommendation (doc. 259) is incorporated herein by reference. The two prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), discussed there (doc. 259, pp. 3-4), applies in analyzing an ineffective assistance of counsel claim for failure to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S.Ct. 1029, 1034, 145 L.Ed.2d 985 (2000). *See also* Gomez-Diaz v. United States, 433 F.3d 788, 791-792 (11th Cir. 2005) (discussing Flores-Ortega).

It is professionally unreasonable for an attorney to disregard specific instructions to file a notice of appeal. 528 U.S. at 477, 120 S.Ct. at 1035 (citations omitted). If the defendant did not clearly instruct counsel to file an appeal (or clearly instruct that an appeal not be taken), then it must be determined whether counsel "consulted" with defendant about an appeal; *i.e.*, advised "about the advantages and disadvantages of taking an appeal, and [made] a reasonable effort to discover the defendant's wishes."

528 U.S. at 478, 120 S.Ct. at 1035.  If he consulted, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."  *Id.*

If counsel has not consulted with defendant about an appeal, then the court must determine whether the failure to do so constitutes deficient performance.  *Id.*, at 479, 120 S.Ct. at 1036.  The Supreme Court said the failure to consult about an appeal was not necessarily deficient performance, and rejected a bright-line rule that counsel must always consult with defendant regarding an appeal.  *Id.*, at 479-480, 120 S.Ct. at 1036.  Where there is reason to believe either that a rational defendant would want to appeal, or the defendant "reasonably demonstrated to counsel that he was interested in appealing," then counsel performs deficiently by failing to consult with defendant about an appeal.  *Id.* at 480, 120 S.Ct. at 1036.

If deficient performance for failure to consult is shown, Defendant must show prejudice.  "If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief."  *Id.*, at 484, 120 S.Ct. at 1038 (citation omitted).  He must demonstrate "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  528 U.S. at 484, 120 S.Ct. at 1038.  "[W]hile the performance and prejudice prongs may overlap, that are not in all cases coextensive."  *Id.*, at 486, 120 S.Ct. at 1039.  "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal.  But such evidence is insufficient to establish that, had the defendant received reasonable advice from

counsel about the appeal, he would have instructed his counsel to file an appeal."  *Id.*, at 486, 120 S.Ct. at 1039.

> Defendant was represented by Spiro Kypreos, who states by affidavit that:
>
> The Defendant, Cesar Estrada, never requested me to file an appeal for him in the case above.  He never called me or wrote to me after his sentencing to ask me to appeal or to check on the status of his alleged request for an appeal.  The only calls I received from him for the several months since his sentencing were several calls from a California relative asking me to call a DEA agent in Texas.

Doc. 247 Att. 2, p. 1.  Defendant responded that counsel did not say in his affidavit that they ever discussed taking an appeal, and argues that this was ineffective per se because the court told them to discuss this issue.  Doc. 259, pp. 11-12 (citing Defendant's reply, doc. 250).

In his declaration under perjury, Defendant Estrada asserts that counsel "abandoned me after the sentencing hearing on October 14, 2003."  Doc. 260, p. 1.  He asserts that "[a]t the end of sentencing, I [asked counsel] to see me before he left the court house."  *Id.*  Defendant "feel[s]" that counsel "had an obligation to discuss an appeal with me in light of the difference in the sentence as I understood it," and the judge advised counsel to discuss an appeal with Defendant but counsel did not.  *Id.*  Defendant states that he was transferred within two hours of the sentencing hearing; he was jailed in Panama City (where he was sentenced) "for two hours which was insufficient for me to reach counsel," whose office was in Pensacola.  *Id.*[1]  Defendant claims his transfer prevented him from contacting counsel, and he did not have access

---

[1] In his amended § 2255 motion, Defendant alleged that he wanted to appeal but was transferred within two days – not two hours – of sentencing, could not reach counsel, and counsel did not communicate with him.  Doc. 231, p. 4.

Case Nos. 5:03cr13-RH and 5:04cv230-RH/WCS

to his papers or contact information during the ten day period for filing a notice of appeal.  *Id.*

Defendant states that he "fully intended to appeal and it was the duty of counsel not only to tell me my options and how to proceed but to contact me where I was as he was in a better position to contact me [than] I could."  *Id.*, p. 2.  Defendant makes the argument that "[i]f the Court was confused with my possible sentence, why should I not be confused especially when the sentence mentioned was 10 years not in excess of more than 20 years I received."  *Id.*  Since "[c]ounsel knew this problem," Defendant claims, he "should have appealed the sentence without any more on my part, although I definitely wanted to appeal."  *Id.*

In discussing the deficient performance analysis, the Court in Flores-Ortega noted that counsel would not be professionally unreasonable for failing to consult about an appeal where, for example, counsel anticipated a two year sentence on entry of a plea, defendant seemed satisfied and entered a plea, and then in fact received a two year sentence.  528 U.S. at 1036, 120 S.Ct. at 479.  The Court continued:

> Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult.  In some cases, counsel might then reasonably decide that he need not repeat that information.

*Id.*, at 479-480, 120 S.Ct. at 1036.

Both hypothetical sets of circumstances were present here.  Defendant was advised by counsel about a month before rearraignment that, based on a "low ball" estimate of the quantity of drugs the Government could prove and Defendant's criminal history category, "you face 235 to 295 months in federal prison (19.6 to 24.6 years) –

and in the federal system you do nearly day for day on a sentence." Doc. 247, Att. 2, pp. 3-4 (counsel's letter dated June 18, 2003).[2]  Defendant was advised that his "best hope" was to plead early and cooperate with the Government toward a substantial assistance motion, as well as a three level reduction if he entered his plea early enough. *Id.*, p. 4.  In his hand delivered letter of July 11, 2003, counsel told Defendant his choice was to "[g]o to trial or plead straight up and cooperate with the government."  *Id.*, p. 5. Counsel acknowledged it was "scary" to enter a plea facing "at least 20 years under the guidelines (the minimum may end up being higher), and a maximum of life," but that "the alternative is worse."  *Id.*  Counsel repeated to the court at rearraignment that he advised Defendant he was looking at a guidelines sentence of at least twenty years. Doc. 246, p. 29.

    This was all noted in the first report and recommendation with regard to Defendant's claim that counsel failed to advise him the sentence would be longer than ten years.  Doc. 259, pp. 5-11.  The undersigned noted a potential point of confusion in the rearraignment transcript as to whether the court advised Defendant that it was *not* anticipated the sentence would exceed ten years.  Doc. 259, p. 10.  In context, it was found that even if the one statement of the court could have caused confusion, it was plainly clarified both before and after that a sentence of much more than ten years was anticipated.  *Id.*, pp. 10-11.

    The district judge has since clarified the record on this point.  *See* docs. 261 and 267 (order clarifying record, quoting doc. 261 at length).  After listening to the court

---

    [2] References are to the pages assigned in the electronic docket.  The first report and recommendation discussed this and other letters from counsel.  Doc. 259, pp. 6-8.

Case Nos. 5:03cr13-RH and 5:04cv230-RH/WCS

reporter's audiotape, the court found "[t]he audiotape makes clear that Mr. Estrada was told the guidelines range would likely exceed ten years, unless there were extraordinary circumstances, which I wouldn't anticipate." Doc. 267, p. 4.

It is therefore the case here, like the example given in Flores-Ortega, that Defendant entered a guilty plea with a clear understanding of his sentence, and he received the anticipated sentence. Indeed, this case is even clearer than the hypothetical, because – rather than anticipating a precise sentence and receiving it– Defendant anticipated a "low ball" sentencing range of 235 to 295 months, and in fact was sentenced to the very bottom of this "low ball" range.

After sentence was imposed, the court advised Defendant that he had the right to appeal. Doc. 242, pp. 48-49.

> Any appeal has to be filed within the next ten days. If you are unable to afford a lawyer for an appeal, then a lawyer would be appointed for you.
>
> The clerk of the court will file a notice of appeal for you at your request. You just need to make sure, if you want to appeal, a notice gets filed within the next ten days.
>
> You should talk with your lawyer right now today, as soon as we break, to make sure that he has a clear understanding of whether you do or do not wish to appeal, and what his role will be in that connection.

Id., p. 49. Like the second example offered in Flores-Ortega, the court gave very clear instructions regarding the right to appeal.

Combining these circumstances, Defendant received the best sentence he could reasonably have hoped for or anticipated absent cooperation with the Government. The court also gave very clear instructions to Defendant that he had to file an appeal within ten days, the clerk could even file it for him, and was told "[y]ou just need to make sure,

*if you want to appeal*, a notice gets filed within the next ten days," and "*[y]ou* should talk with your lawyer right now today" to make sure counsel knew his wishes (emphasis added). Particularly given the continuing prospect of providing substantial assistance to the Government, it was not professionally unreasonable of counsel to fail to consult with Defendant about whether he wanted to appeal.

Given the failure to demonstrate deficient performance, the court not reach the prejudice inquiry. It is noted however that, while Defendant now claims he wanted to appeal, he made no attempt to contact the court between his sentencing on October 14, 2003, and his initial § 2255 motion dated September 1, 2004. Doc. 227. He knew he had ten days to appeal. Even if Defendant could not reach counsel within that time, and lacked access any legal paperwork in that time, he knew the clerk could file a notice for him and that he was entitled to appointed counsel if he could not afford counsel. The address of the clerk would have been readily available to Defendant through the United States Marshall or prison officials, yet Defendant did not contact the court until he filed his § 2255 motion over ten months after sentencing. This undermines his claim that but for counsel's failure to consult with him he would have taken an appeal. But this is a credibility determination, a hearing has been waived by Defendant, and it is unnecessary to decide as deficient performance by counsel is not shown on the undisputed facts of record.

It is therefore respectfully **RECOMMENDED** that Defendant's motion to waive an evidentiary hearing (doc. 266) be **GRANTED**, and Defendant's amended § 2255 motion (doc. 231) be **DENIED WITH PREJUDICE** in its entirety.

**IN CHAMBERS** at Tallahassee, Florida, on August 29, 2006.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**